IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IVAN M. CROCKETT,
       Plaintiff,
  v.
ROBERT MILLER, et al.,
       Defendants

Case No. 3:11-cv-272-KRG-KAP

## Report and Recommendation

### Recommendation

Defendants have filed a motion, docket no. 23, and brief in support, docket no. 24, seeking to dismiss plaintiff's amended complaint, docket no. 10. Plaintiff has filed an answer to the motion, docket no. 31, and a responsive brief, docket no. 32. The motion should be granted.

### Report

The amended complaint names as defendants four corrections personnel at the Blair County Prison, where plaintiff was being held from August 2008 until at least December 2009. Michael Johnston is the warden; Marc Masucci the deputy warden; Barrie Wyland a captain; and Robert Miller a sergeant. On December 13, defendant Miller "through his negligence and deliberate indifference" placed an inmate named Logan D'George on the same block as plaintiff. D'George was a prospective witness against plaintiff in a pending criminal case. Plaintiff says D'George entered his cell and attacked him with a pen. Complaint ¶13. Plaintiff admits, however, that he pleaded guilty to assaulting D'George (the official charge was intimidation or retaliation

against a witness; plaintiff received a sentence of 3-6 years). Answer to Motion to Dismiss ¶4, ¶6.

After the altercation Miller took plaintiff to the RHU. Miller allegedly prevented plaintiff from being fed for four days. Complaint ¶16. Miller took plaintiff to a different cell on December 17, 2009, held a misconduct hearing at which Miller was the hearing officer, and began choking plaintiff when plaintiff stated that D'George was the aggressor. Plaintiff alleges that Miller threatened his life if plaintiff told anyone about the assault by D'George or the choking by Miller, then gave him a lunch tray with the further threat that it would be the last time plaintiff would eat, if plaintiff told anyone "what happened." Miller then falsely prepared paperwork indicating that plaintiff pleaded guilty to a misconduct, and imposed a sanction of 90 days in the RHU, which was "irreparable harm." Complaint ¶26.

While plaintiff was in the RHU, defendant Wyland refused to give plaintiff a grievance form. Defendant Masucci also refused to give plaintiff a grievance form. Defendant Johnston also refused to give plaintiff a grievance form. Finally, plaintiff asserts that he received the 3-6 year sentence "due to" all of the defendants' failure to stop Miller's misconduct. Complaint ¶31.

Fed.R.Civ.P. 8(a)(2) requires a complaint to set forth "a short and plain statement of the claim **showing** that the pleader

2

is entitled to relief." (my emphasis) The Supreme Court held, in Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009), that:

**First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.** *Id.,* at 555, 127 S.Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we **"are not bound to accept as true a legal conclusion couched as a factual allegation"** (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, **only a complaint that states a plausible claim for relief survives a motion to dismiss.** *Id.,* at 556, 127 S.Ct. 1955. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But **where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."** Fed. Rule Civ. Proc. 8(a)(2). (my emphasis)

Additionally, the defense of qualified immunity (which I am required to consider "at any time," see 28 U.S.C.§ 1915(e)(2)) protects defendants from civil liability for damages so long as "[their] actions could reasonably have been thought consistent with the rights [they are] alleged to have violated." Anderson v. Creighton, 483 U.S. 635, 638 (1987). Qualified immunity protects all government officials except those who are "plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986). The law must be so sufficiently clear that "every" reasonable official would have understood that what he is

3

doing violates a plaintiff's rights. Ashcroft v. al-Kidd, 131 S.Ct. 2074, 2083 (2011).

Even without considering qualified immunity, the complaint must be dismissed as to all the defendants except Miller because there is no cause of action for denying plaintiff grievance forms or access to a grievance procedure. Plaintiff had no right to a grievance process. See Simonton v. Tennis, 437 Fed Appx. 60, 62 (3d Cir.2011); Heleva v. Kramer, 214 Fed. Appx. 244, 247 (3d Cir.2007) (both citing Massey v. Helman, 259 F.3d 641, 647 (7th Cir.2001). That Blair County (and every other county I am aware of) has an administrative process for inmates to communicate grievances to staff does not imply any legal duty on the part of defendants to make it available to an inmate.

Nor does Miller's role as a corrections officer prevent him from imposing disciplinary sanctions on an inmate where the disciplinary sanction imposed on the inmate does not lengthen the term of imprisonment, see Wolff v. McDonnell, 418 U.S. 539 (1974), nor impose a severe and atypical worsening of the conditions of confinement already inherent in incarceration, see Sandin v. Conner, 515 U.S. 472, 484 (1995). Plaintiff's 90 day confinement in the RHU was of lesser severity than sanctions the Court of Appeals uniformly holds can be imposed with no notice or hearing whatsoever. See e.g. See Griffin v. Vaughn, 112 F.3d 703 (3d Cir.1997)(inmate placed in administrative segregation for 15 months

without hearing deprived of no interest protected by Due Process Clause); Smith v. Mensinger, 293 F.3d 641, 653-54 (3d Cir.2002)(seven months in disciplinary confinement did not implicate a liberty interest); Jones v. Baker, 155 F.3d 810, 813 (6th Cir.1998)(confinement in administrative segregation for two and one-half years is not atypical and significant hardship), cited with approval in Fraise v. Terhune, 283 F.3d 506, 523 (3d Cir.2002). Compare Shoats v. Horn, 213 F.3d 140 (3d Cir.2000) (Because eight years in solitary is atypical, the Due Process Clause requires regular review hearings); Brown v. Department of Corrections, 2007 WL 4322980 (W.D.Pa.2007) (assuming three and one-half years in administrative segregation triggers a due process interest in a hearing), affirmed on other grounds, 265 Fed.Appx. 107 (3d Cir.2008). Plaintiff's claim that he suffered "irreparable harm" is a legal conclusion, not an allegation of fact, and it is an erroneous legal conclusion under the established precedent in this circuit.

Under Iqbal, plaintiff's allegation that Miller prevented him from being fed for four days is likewise a legal conclusion, not an allegation of fact. Plaintiff must explain with enough detail to allow Miller to defend himself, how he prevented plaintiff from being fed by anyone. Plaintiff must also allege some injury. Denial of food for four days may or may not be a constitutionally significant injury depending on the medical

condition of plaintiff, whether plaintiff had access to medical attention, whether plaintiff had access to water, and so on. The same goes for plaintiff's allegation that Miller choked him. Not every wrongful touching of an inmate by a guard violates the Constitution: plaintiff must allege facts that would allow the inference that the use of force was excessive, as well as what injury he suffered.

Plaintiff acknowledges that he pleaded guilty to assaulting D'George. Although that would appear fatal to any legal claim based on an allegation that D'George assaulted plaintiff, it may be that the plaintiff might be asserting that even though he assaulted D'George, D'George assaulted him first. If that is plaintiff's claim, there are two fatal factual gaps in the complaint. First, plaintiff does not allege that D'George caused him any injury. The only injury plaintiff alleges is the 3-6 year sentence and neither D'George nor any defendant is legally responsible for plaintiff's 3-6 year sentence. Second, although plaintiff alleges that defendant Miller is liable because he created the circumstances that put plaintiff and D'George on the same cell block, Complaint ¶11, that is not enough. (In plaintiff's objections he implied that Miller had ordered D'George to assault him, but the amended complaint contains no such allegation.) While corrections personnel cannot be deliberately indifferent to an inmate's need to be protected from other inmates, Day v. Federal

Bureau of Prisons, 233 Fed.Appx. 132, 133 (3d Cir.2007), deliberate indifference requires knowing disregard of an unreasonable risk. As the Supreme Court has said:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Farmer v. Brennan, 511 U.S. 825, 837 (1994). Plaintiff's assertion that negligence by Miller – that is, that Miller should have been aware of the risk D'George might attack plaintiff – exposes him to liability, is legally incorrect. Even a gross error of judgment does not equal deliberate indifference. Farmer, 511 U.S. at 843 n.8. Hamilton v. Leavy, 117 F.3d 742, 746 (3d Cir.1997). A defendant must have consciously disregarded a serious risk to an inmate. Woloszyn v. County of Lawrence, 396 F.3d 314, 321 (3d Cir.2005)(affirming summary judgment to corrections personnel at the Lawrence County Prison who allowed a pretrial detainee to commit suicide by hanging himself approximately ninety minutes after arriving at the prison).

In Day v. Federal Bureau of Prisons, the Third Circuit affirmed the dismissal of the claim of an inmate that prison officials were deliberately indifferent to the prospect that he would be assaulted. The appellate court noted that allegations of a "reign of terror" were not necessary, 233 Fed.Appx. at 134,

7

citing <u>Riley v. Jeffes</u>, 777 Fed.2d 143, 147 (3d Cir.1985), but held that Day's claim failed because there were no allegations that the defendants were aware of any "specific threat of harm against him." Plaintiff alleges no facts that would permit an inference that D'George posed a specific threat to plaintiff, much less that Miller was aware of these facts, drew the conclusion that D'George was a threat to plaintiff, and nevertheless put them in close proximity.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation. Under <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103 (3d Cir.2002), plaintiff is given leave to amend his complaint within the same time, only with respect to the allegations that defendant Miller choked him and prevented him from being fed for four days. Failure to submit a timely amended complaint is deemed waiver of any amendment.

DATE: October 30, 2012

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

    Ivan M. Crockett JS-1105
    S.C.I. Somerset
    1600 Walters Mill Road
    Somerset, PA 15510